**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Julissa Acosta Ortiz,

                    **Plaintiff,**

         **-against-**

Commissioner of Social Security,

                    **Defendant.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__07/17/2024__

**21-cv-01042 (SDA)**

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

WHEREAS, counsel for Plaintiff, Daniel A. Osborn, Esq. of Osborn Law P.C. ("Osborn"), seeks an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) for work performed to secure disability benefits for Plaintiff (7/1/24 Mot., ECF No. 30); and

WHEREAS, on February 9, 2022, the Court "so-ordered" a stipulation by the parties to remand this action to the Commissioner of Social Security (the "Commissioner") for further administrative proceedings (ECF No. 26); and

WHEREAS, on March 16, 2022, the Court "so-ordered" a stipulation by the parties for the Commissioner to pay to Plaintiff's attorney's fees in the amount of $6,450.00, pursuant to the Equal Access to Justice Act ("EAJA") (ECF No. 29); and

WHEREAS, on July 1, 2024, Plaintiff's counsel filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1) (7/1/24 Mot.), and on July 15, 2024, the Commissioner filed a response (Comm'r 7/15/24 Resp., ECF No. 33); and

WHEREAS, the motion is timely since it was filed four days after Plaintiff's counsel received the Notice of Award from the Social Security Administration ("SSA") on June 27, 2024 (Not. of Award, ECF No. 32-5), on July 1, 2024 (Osborn Decl., ECF No. 32, ¶ 12);[1] and

WHEREAS, Section 406(b)(1)(A) provides that when a disability claimant is successful in federal court, the court may authorize payment of a reasonable attorneys' fees up to 25 percent of the claimant's past-due benefits;[2] and

WHEREAS, the fee sought is reasonable;[3] and

---

[1] *See Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019) (attorneys' fee petition under Section 406(b) should be filed within fourteen days of receiving notice of Commissioner's calculation of benefits on remand).

[2] 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To determine if a contingent-fee agreement is reasonable, courts can consider (1) "the character of the representation and the results the representative achieved[;]" (2) whether the claimant's attorney "is responsible for delay[;]" and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case[.]" *Id.* at 808; *accord Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022). For the third factor, "courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854.

Courts also must also consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-56.

[3] The motion seeks an attorney's fee of $27,871.68, which represents 25 percent of the past-due benefits awarded to Plaintiff. (Pl.'s Mem., ECF No. 31, at 1.) Plaintiff's counsel was successful in achieving an award of benefits, and nothing in the record suggests any flaw in the character of the representation. Also, nothing in the record suggests that Plaintiff's counsel caused any delay. As to the reasonableness of the award, 30.7 attorney hours were spent on Plaintiff's appeals, amounting to a *de facto* hourly rate of $907.87. (Pl.'s Time Records, ECF No. 32-2, at 2.) Such a rate is reasonable because of (1) the success of Plaintiff's counsel after Plaintiff did not prevail before the SSA; (2) the thorough brief submitted by Plaintiff's counsel, which involved a review of the 1200-page administrative record; and (3) the efficiency and extensive experience of Plaintiff's counsel.

WHEREAS, when a claimant's attorney receives a fee award under the EAJA and Section 406(b), the attorney "must refund to the claimant the amount of the smaller fee[;]"[4] and

WHEREAS, the Commissioner "neither supports nor opposes counsel's request for attorney[s'] fees (Comm'r 7/15/24 Resp. at 1).

NOW, THEREFORE, it is hereby ORDERED that the motion for attorneys' fees is GRANTED. Plaintiff's counsel, Osborn, is awarded a fee in the amount of $27,871.68. Upon receipt of this sum, Plaintiff's counsel shall promptly refund to Plaintiff the fee awarded under the EAJA in the amount of $6,450.00.

**SO ORDERED.**

Dated:      New York, New York
            July 17, 2024

_____
STEWART D. AARON
United States Magistrate Judge

---

[4] *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and alterations omitted)